IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2022 JUN -8 P 2: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DEMETRIOUS PRUITT, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.:_____ |
| SAM'S CLUB, et al., | ) JURY DEMAND |
| Defendants. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW SAM'S EAST, INC.**, designated in the Complaint as **"SAM'S CLUB" (hereinafter "SAM'S")**, the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds therefor, Sam's states as follows:

1. Upon information and belief, the Plaintiff is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of this Notice of Removal.

2. Defendant Sam's East, Inc. is a Delaware corporation with its principal place of business at all pertinent times in the State of Arkansas. Sam's was, at the time of the incident and at the time of this removal, a citizen of the

1

States of Delaware and Arkansas. Sam's East, Inc. has never been a citizen of the State of Alabama.

3. Pursuant to 28 U.S.C. § 1446(b), this action is removed within 30 days after the receipt by Sam's of the Summons and Complaint with service by certified mail.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5. Plaintiff Demetrious Pruitt filed suit against Sam's on May 2, 2022, in the Circuit Court of Montgomery County, Alabama alleging negligence, wantonness, negligent and wanton supervision, training, hiring and retention, and negligence and wantoness under a theory of premises liability in connection with a slip and fall accident that occurred on April 2, 2021, at Sam's Club #8106 in Montgomery. Ex. B, Plaintiff's Complaint. The Plaintiff contends that "[a]s a result of Defendant's (and fictitious party defendants') negligent, wanton and/or malicious acts, Plaintiff suffered multiple injuries/damages in the slip and fall, including, but not limited to, the following:"

    a. Surgery;

2

    b.    Other physical injuries;

    c.    Medical treatments;

    d.    Medications;

    e.    Medical expenses, medication expenses, and other out-of-pocket expenses;

    f.    Permanent injury;

    g.    Past and future medical expenses for treatment of her injuries;

    h.    Pain and suffering (past, present and future); and

    i.    Mental anguish (past, present and future).

Ex. B, Plaintiff's Complaint, ¶ 6.

Plaintiff seeks an unspecified amount of compensatory and punitive damages in an amount to be determined by a jury.

    6.    In the instant action, it cannot be disputed that this case is between citizens of different states. With respect to the amount in controversy, courts apply a preponderance of the evidence standard to the amount in controversy analysis when the complaint fails to specify the damages award sought in state court. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007). When a defendant removes a case within the first thirty days after receipt of the initial complaint, a court considers both the initial complaint and other evidence introduced by the defendant. See Sullins v. Moreland, 511 F. Supp. 3d 1220, 1223-24 (M.D. Ala. 2021)(citing

Pretka, 608 F.3d at, 753-754). A court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." Sullins, 511 F. Supp. 3d at 1224 (quoting Pretka, 608 F. 3d at 753). The "court[] may use [its] judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

7. Here, the Plaintiff did not specify the amount of damages she seeks in her Complaint filed in state court. Therefore, under well-settled circuit precedent, Sam's must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75.000.00. Roe, 613 F.3d at 1061; see Lowery, 483 F.3d at 1210. Sam's may satisfy its burden by submitting additional evidence to demonstrate that the jurisdictional minimum is met. See Roe, 613 F.3d at 1061; Pretka, 608 F.3d at 754-56.

8. On November 1, 2021, Plaintiff's counsel Maridi Huggins made a settlement demand to Sam's in the amount of $350,000.00. Plaintiff's correspondence to the claims representative for Sam's dated November 1, 2021 and the e-mail forwarding the correspondence are attached hereto and made a part hereof as Exhibit A. In the correspondence, Plaintiff's counsel avers that the Plaintiff broke her right foot in the accident, requiring surgery and the placement

of a permanent rod in Plaintiff's foot by her treating orthopedic surgeon. Ex. A. Plaintiff's counsel claims that Plaintiff has permanent scarring from the surgery. Ex. A. Plaintiff's counsel states in the November 1, 2021 correspondence: "Because of the particularly painful nature of a broken foot / surgery and the permanent injury of hardware and scarring, Ms. Pruitt demands $350,000.00 to settle this matter pre-suit." Ex. A.

9. Alabama courts have consistently held that settlement offers and demand letters qualify as "other paper" in determining the amount in controversy under § 1446(b). Lowery, supra; Bankhead v. American Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008)(denying motion to remand because $150,000 settlement demand evidenced amount in controversy exceeding $75,000). "While [a] settlement offer, by itself, may not be determinative" of the amount in controversy, "it counts for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

10. Pursuant to 28 U.S.C. § 1446(a), Sam's gives notice of filing "all process, pleadings, and orders served upon [it] in [this] action." All documents served on Sam's as of the date of filing this Notice of Removal are attached hereto as Ex. B.

**WHEREFORE, PREMISES CONSIDERED,** Sam's East, Inc. requests this Court to assume full jurisdiction over the cause herein as provided by law.

This the 8th day of June, 2022.

_____
**MARDA W. SYDNOR**
Attorney for Defendant
Sam's East, Inc.

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 326-6600
msydnor@pljpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of June, 2022 filed the foregoing motion with the Clerk of the Court which will send notification of such filing to the following:

Ms. Maridi Huggins
MARIDI HUGGINS LAW, LLC
P.O. Box 43272
Birmingham, AL 35243
maridi@maridihugginslaw.com

_____
OF COUNSEL