ELECTRONICALLY FILED
5/2/2022 1:47 PM
03-CV-2022-900516.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DEMETRIOUS PRUITT, an individual;       )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )      CV-2022-_____
                                        )
                                        )
SAM'S CLUB;                             )

**Fictitious Defendants No. 1**, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; **No. 3**, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No. 4**, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No. 5**, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 6**, whether singular or plural, that person or persons, entity or those entities who or which created and/or maintained the defect on the premises involved in the occurrence made the basis of this suit; **No. 7**, whether singular or plural, that person or persons, entity or those entities who or which had responsibility for the inspection of the defect on the premises involved in the occurrence made the basis of this suit; **No. 8**, whether singular or plural, that person or persons, entity or those entities who or which conducted safety inspections at or with reference to the site of the involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence; **No. 9**, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence; **No. 10**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein; **No. 11**, whether singular or plural, that entity or those entities, other than those entities described above, whose negligent, willful, wanton, intentional, or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of Plaintiff's Complaint; **No. 12**, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described above; **No. 13**, whether singular or plural, the employee or employees or individual who left the substance or placed the substance on the floor on the date of loss; **No. 14**, whether singular or plural, those individuals or entities, who hired, trained, retained, and/or supervised the employee or employees or individual who left the substance or placed the substance on the floor on the date of loss and/or any other person or entity responsible for the inspection and/or safety

of the premises; **No. 15**, whether singular or plural, the individuals or entities that created a dangerous condition or hazard on the premises or allowed the premises to be defective; **No. 16**, whether singular or plural, the individuals or entities that caused or allowed the premises to be defective; **No. 17**, whether singular or plural, any individuals or entities responsible for the premises and/or the safety of the premises by contract, law or otherwise on or about the date of loss; **No. 18**, whether singular or plural, any individuals or entities responsible for the inspection, maintenance or cleaning of the premises on or about the date of loss; **No. 19**, whether singular or plural, all individuals and entities that had knowledge of the problems/risks/dangers associated with the substance on the floor and safety of visitors to the premises on or prior to the date of loss; **No. 20**, whether singular or plural, any and all unidentified entities who have assumed the liabilities of any named defendant by way of merger or other corporate transactions; **No. 21**, whether singular or plural, Plaintiff hereby intends to designate the entity or entities responsible for the legal wrongs complained of in the Complaint, including individual(s) who are the owners and/or operators of any organization, business and/or entity responsible for the legal wrongs complained of in the Complaint. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained;

)
)
Defendants.                                           )

## PLAINTIFF'S COMPLAINT

COMES NOW the plaintiff, DEMETRIOUS PRUITT, by and through her attorney of record, and files this Complaint against defendant, Sam's Club, to allege the following:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, DEMETRIOUS PRUITT, is over the age of nineteen (19) years old and resides in Montgomery, Alabama, in Montgomery County, Alabama.

2.     Defendant, SAM'S CLUB (store #:8106 located at 1080 Eastern Blvd, Montgomery, AL 36117), is a foreign corporation doing business by agent in Montgomery County, Alabama.

3.     Jurisdiction and Venue are proper in this Court pursuant to ALA. CODE 1975, § 6-3-1, *et al*.

### FACTS COMMON TO ALL COUNTS

4.     On or about April 2, 2021, Defendant Sam's Club ("Defendant") was the owner and operator of a Sam's Club Store #8106, in Montgomery County, Alabama.

5.     On that date, Plaintiff Demetrious Pruitt ("Plaintiff") went onto Defendant's premises to shop when she was caused to slip and fall by a substance on the floor.

6.     As a result of Defendant's (and fictitious party defendants') negligent, wanton and/or malicious acts, Plaintiff suffered multiple injuries/damages in the slip and fall, including, but not limited to, the following:

a.     Surgery;
b.     Other physical injuries;
c.     Medical treatments;
d.     Medications;
e.     Medical expenses, medication expenses, and other out-of-pocket expenses;
f.     Permanent injury;
g.     Past and future medical expenses for treatment of her injuries;
h.     Pain and suffering (past, present and future); and
i.     Mental anguish (past, present and future).

7.     Furthermore, Plaintiff Marshall White suffered loss of consortium.

## COUNT ONE
## NEGLIGENCE AND/OR WANTONNESS
### (Against Defendant and fictitious party defendants)

8.     Plaintiff hereby adopts the previous facts and factual averments contained in paragraphs numbered 1 through 7 and incorporates them by reference herein.

9.     At the aforesaid time and place and for some time prior thereto, Defendant owed a duty of care to Plaintiff, Defendant breached this duty of care, negligently and/or wantonly caused the injuries described herein to Plaintiff, and said conduct was the proximate cause of Plaintiff's injuries as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant (and Fictitious Defendants Numbered One through Twenty-One jointly and severally), in an amount to be determined by a jury for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

## COUNT TWO
## NEGLIGENT AND/OR WANTON SUPERVISION OR TRAINING
### (Against Defendant and fictitious party defendants)

10.     Plaintiff hereby adopts previous factual averments contained in paragraphs numbered 1- 9 and incorporates them by reference herein.

11.     Defendant negligently and/or wantonly failed to supervise and/or train its employees or staff.

12.     Defendant's negligent and/or wanton failure included, but was not limited to, the failure to implement a Slip, Trip & Fall Prevention Program or Policy, the failure to train its employees or staff in the proper procedures in cleaning the floors of the premises, the placement of wet floor signs and/or inspection of the premises.

13.     Defendant served as the employer and/or master of its employees or staff who negligently and/or wantonly failed to keep the premises safe.

14.     Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendant (and Fictitious Defendants Numbered One through Twenty-One jointly and severally) in an amount to be determined by a jury for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

### COUNT THREE
### NEGLIGENT AND/OR WANTON RETENTION
### (Against Defendant and fictitious party defendants)

15.     Plaintiff hereby adopts the previous factual averments contained in paragraphs numbered 1-14 and incorporates them by reference herein.

16.     Defendant negligently and/or wantonly retained its employees or staff, who negligently and/or wantonly created the hazard, failed to inspect and/or failed to remove the substance on the floor.

17.     Defendant's employees or staff were unfit employees and/or independent contractors, but Defendant continued to employ and/or request the services of said employees or staff.

18.     Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendant (and Fictitious Defendants Numbered One through Twenty-One jointly and severally) in an amount to be determined by a jury for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

## COUNT FOUR
## NEGLIGENT AND/OR WANTON HIRING
### (Against Defendant and fictitious party defendants)

19.     Plaintiff hereby adopts the previous factual averments contained in paragraphs numbered 1-18 and incorporates them by reference herein.

20.     Defendant negligently and/or wantonly hired and/or contracted with its employees or staff by failing to ensure that they were qualified and/or otherwise fit to occupy the position (*i.e.*, carry out the responsibilities) for which they were charged.

21.     Defendant negligently and/or wantonly disregarded the consequences of such failure to hire and/or contract with qualified employees or staff.

22.     Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against all Defendants (and Fictitious Defendants Numbered One through Twenty-One jointly and severally) in an amount to be determined by a jury for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

## COUNT FIVE
## NEGLIGENT AND/OR WANTON PREMISES LIABILITY
### (Against Defendant and fictitious party defendants)

23.     Plaintiff hereby adopts the previous factual averments contained in paragraphs numbered 1-22 and incorporates them by reference herein.

24.     As a premises owner or occupier, Defendant owed a duty to invitee, Plaintiff, to keep the premises in a reasonably safe condition.

25.     Defendant, however, breached its duty to invitee, Plaintiff, in one or more of the following ways:

   a.  Defendant had actual and/or constructive notice of the dangerous condition, but was negligent and/or wanton in the removal of the defect or in correcting the dangerous condition;

   b.  Defendant affirmatively created a dangerous condition or hazard on its premises and/or the premises was defective;

   c.  Defendant and/or its employees or staff were deficient in their inspection,

maintenance or cleaning of the premises;

d.   The premises was defective;

e.   Defendant and/or its employees or staff were aware of the problem with substances on the floor in general and/or this substance, specifically, but were negligent and/or wanton in their response to address the problem, including Defendant's failure to warn Plaintiff of a defect on the premises.

26.   As a proximate result, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against all Defendants (and Fictitious Defendants Numbered One through Twenty-One jointly and severally) in an amount to be determined by a jury for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

## COUNT SIX
## FICTITIOUS PARTIES

27.   Plaintiff hereby adopts the previous factual averments contained in paragraphs numbered 1 through 26 and incorporates them by reference herein.

28.   This Count of the Complaint is a fictitious party count. Those defendants liable under this Count are those defendants who or which are liable to Plaintiff under any theory of law advanced in the Complaint or in any amended complaint and include those defendants which Plaintiff has attempted to describe in the style or caption of this Complaint. These defendants are otherwise unknown at this time but will be added by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against all defendants and Fictitious Defendants Numbered One through Twenty-One jointly and severally, for all sums applicable under the laws of Alabama, and in an amount that will compensate Plaintiff for her injuries and serve to punish the Defendants for their wrongful conduct and deter similar conduct in the future, together with interest from the date of injury, and the costs of this proceeding.

***PLAINTIFF DEMANDS A TRIAL BY JURY.***

/s/ Maridi Huggins

MARIDI HUGGINS (THO211)
Attorney for Plaintiff

6

OF COUNSEL:
**MARIDI HUGGINS LAW, LLC**
P.O. Box 43272
Birmingham, AL 35243
Tel: (205) 616-1786
Fax: (205) 449-2178
maridi@maridihugginslaw.com

Defendant is being served via Certified Mail at the following address:
Sam's Club
Registered Agent: C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104