IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-350-KFP |
| | ) | |
| SAM'S CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Demetrious Pruitt's motion to remand this action back to the Circuit Court of Montgomery County, Alabama. Docs. 6, 11. Defendant Sam's Club removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446(b) and opposes the motion. Docs. 1 and 10. For the following reasons, the Motion to Remand is GRANTED.

## I.   BACKGROUND

Plaintiff sued Defendant in the Circuit Court of Montgomery County for personal injuries sustained after she slipped and fell in Defendant's store.[1] Doc. 1-1 at 3. She seeks unspecified compensatory and punitive damages for "multiple injuries/damages," including surgery, medical treatments, medications, permanent injury, pain and suffering, mental anguish, and loss of consortium. *Id.* Defendant removed the case from state court on diversity jurisdiction grounds under §§ 1441 and 1446(b). Doc. 1. Plaintiff then filed a

---

[1] She brings claims of negligence, wantonness, and negligent hiring, training, and supervision *See* Doc. 1-1.

motion to remand the action to state court, arguing that Defendant has not established the amount in controversy exceeds $75,000. Doc. 6.

## II.   STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, a defendant's removal burden is a heavy one. *Id.* If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (citations omitted). A court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Sullins v. Moreland,* 511 F. Supp. 3d 1220, 1224 (M.D. Ala. Jan. 6, 2021) (quoting *Pretka v. Kolter City Plaza II, Inc.*,

2

608 F. 3d 744, 753 (11th Cir. 2010)). When a court considers a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753).

## III.   DISCUSSION

At issue is whether the amount-in-controversy requirement is met under 28 U.S.C. § 1446, which governs the removal procedure. This statutory provision "contemplates two ways that a case may be removed based on diversity jurisdiction." *Moore v. Wal-Mart Stores East, L.P.*, No. 2:15-CV-163-WKW, 2015 WL 5813164, *4 (M.D. Ala. Oct. 5, 2015).

Section 1446(b)(1) states

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Section 1446(b)(3) states

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Before determining whether the amount in controversy exists, the Court must determine which removal provision applies "based on when in the life of the case it was removed[.]" *Sullins*, 511 F. Supp. 3d at 1224.[2] If diversity is apparent from the face of the complaint, Defendant must remove the case within thirty days of receipt of the initial pleading. § 1446(b)(1); *Sullins*, 511 F. Supp. 3d at 1222–23. If removal is timely here, the court evaluates the initial complaint and other evidence introduced with the notice of removal to determine whether the defendant proved by a preponderance of the evidence the required amount in controversy exists. *Sullins*, 511 F. Supp. 3d at 1224. "[I]f the amount in controversy was not apparent from the initial pleading, a defendant has the opportunity to remove the case within thirty days of receiving a document later establishing the requisite amount in controversy." § 1446(b)(3); *Sullins*, 511 F. Supp. 3d at 1222–23; *Simpson v. Primerica Life Ins., Co.*, No. 2:16-CV-331-WKW, 2016 WL 3647336, at *1 (M.D. Ala. July 7, 2016) (Section 1446(b)(3) "reopens the removal period for thirty days when the defendant receives a document 'from which it may first be ascertained that the case is one which is or has become removable.'"). If removal is timely here, the court evaluates only the complaint, the notice of removal, and "later received paper [from the plaintiff][.]" *Sullins*, 511 F. Supp. 3d at 1224 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007)); *see also Simpson*, 2016 WL 3647336, at *3.

---

[2] Although Defendant failed to specify upon which subsection it based removal, its notice references "other paper." *See* Doc. 1 at 5. This suggests Defendant removed the case pursuant to § 1446(b)(3). However, once Plaintiff addressed Defendant's "other paper" position, Defendant pivoted and argued the removal was made pursuant to § 1446(b)(1). Doc. 10 at 2.

4

**A.      Defendant did not properly remove the case under § 1446(b)(1).**

Defendant was served with Plaintiff's Complaint on May 2, 2022, and filed its Notice of Removal on June 8, 2022—over thirty days after it received Plaintiff's Complaint. Docs. 1 & 1-3. Accordingly, removal pursuant to § 1446(b)(1) is untimely. *See* § 1446(b)(1); *Sullins*, 511 F. Supp. 3d at 1222–23.

But even if the case was timely removed, the amount in controversy is not readily apparent from the face of Plaintiff's Complaint. Plaintiff's Complaint does not declare a specific amount of damages and provides little detail regarding Plaintiff's injuries. *See* Doc. 1-1. Plaintiff seeks both compensatory and punitive damages, but no monetary amounts are delineated. Rather, Plaintiff vaguely alleges she suffered "multiple injuries/damages" warranting an award of "an amount that will compensate Plaintiff for her injuries and serve to punish Defendant for its wrongful conduct[.]" *Id.* at 3. Defendant must show by a preponderance of the evidence the amount in controversy more likely than not exceeds $75,000. *See Roe*, 613 F.3d at 1061.

Plaintiff's Complaint provides:

Plaintiff suffered multiple injuries/damages in the slip and fall, including, but not limited to, the following:

  a.  Surgery;
  b.  Other physical injuries;
  c.  Medical treatments;
  d.  Medication;
  e.  Medical expenses, medication expenses, and other out-of-pocket expenses;
  f.  Permanent injury;
  g.  Past and future medical expenses for treatment of her injuries;
  h.  Pain and suffering (past, present and future); and
  i.  Mental Anguish (past, present and future).

Doc. 1-1 at 3. The Complaint also seeks compensation for loss of consortium. *Id.*

The Court cannot deduce, infer, or extrapolate the extent of Plaintiff's injuries from this vague, boilerplate list. The Complaint lacks any details regarding the severity of Plaintiff's injuries, the extent and duration of medical treatment received, or the anticipated future suffering and medical expenses—it does not even provide the manner in which Plaintiff was injured. A slip and fall could result in various injuries ranging from superficial bruising to complex broken bones, and more. The Court cannot conjure the amount in controversy from thin air. *See Williams*, 269 F.3d at 1320 (holding in personal injury action "it [was] not facially apparent from plaintiff's complaint that the amount in controversy exceed[ed] $75,000" where the plaintiff alleged he suffered "permanent physical and mental injuries," "incurred substantial medical expenses, suffered lost wages," "experienced a diminished earning capacity," and sought "general damages, special damages, and punitive damages in unspecified amounts"); *Goosby v. Briggs*, No. 2:20-CV-766-ECM, 2021 WL 298817, at *2 (M.D. Ala. Jan. 28, 2021) (Where the complaint does not describe the nature of Plaintiff's injuries or medical treatment, determining a "value would be an exercise in impermissible speculation.") (citing *Piard v. VRP Transp., Inc.*, No. 3:18-CV-847-WKW, 2019 WL 210402, at *5 (M.D. Ala. Jan. 15, 2019)).

Plaintiff's demand for punitive damages does not establish the amount in controversy exceeds $75,000. Under Alabama law, "[p]unitive damages are not awarded because the injured party is entitled to them as a matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation

from such wrongdoing in the future." *City Bank of Ala. v. Eskridge*, 521 So. 2d 931, 933 (Ala. 1988). The value of a punitive damages award largely depends on the defendant's conduct. *See Roe*, 613 F.3d at 1065 ("[T]he worse the defendant's conduct was, the greater the damages should be"); *Arrington v. State Farm Ins.*, No. 2:14CV209-CSC, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014) (quoting *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 419 (2003)).

The Complaint states that Plaintiff "seeks an unspecified amount of compensatory and punitive damages[]" and seeks damages "in an amount that will compensate Plaintiff . . . and serve to punish Defendant for its wrongful conduct and deter similar conduct[.]" Doc. 1-1 at 3–6. Without any details as to Defendant's wrongful conduct, it is impossible to ascertain the extent of punitive damages absent unbridled speculation. Thus, removal under § 1446(b)(1), even if timely, could not be sustained.

## B.     Defendant did not properly remove the case pursuant to § 1446(b)(3).

As discussed above, removal pursuant to § 1446(b)(3) must occur within thirty days after receipt of "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." § 1446(b)(3); *Simpson*, 2016 WL 3547336, at *2–3 (citing *Lowery*, 483 F.3d at 1213 n.63). "The thirty-day removal clock 'starts ticking' once all three conditions are present." *Black v. Corp. Transp., Inc.*, No. 2:18-CV-386-SRW, 2019 WL 470906, at *4 (M.D. Ala. Feb. 6, 2019) (citing *Allen v. Thomas*, 2011 WL 197964, at *3 (M.D. Ala.

2011)). "Other paper" includes demand letters. *See Lowery*, 483 F.3d at 1212 n.62 (citation omitted); *Gallion*, 524 F. Supp. 3d at 1242.

Assuming removal was timely under § 1446(b)(3), the required amount in controversy is not established.[3] Defendant has produced two pieces of substantive evidence. The first is an email asking Plaintiff to stipulate damages, to which Plaintiff never responded. Doc. 10-1. This document was not sent by Plaintiff to Defendant, so it cannot serve as a basis for removal under § 1446(b)(3). In any event, Plaintiff's nonresponse is indicative of nothing. *See Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue."); *Sullins*, 511 F. Supp. 3d at 1229 ("Refusing to stipulate that the amount in controversy is less than the jurisdictional requirement is not dispositive, but it nevertheless is probative to the existence of the amount in controversy[,]" and the court may not base jurisdiction solely on the plaintiff's failure to stipulate). Considering the evidence as a whole, Plaintiff's failure to stipulate does not summarily transform a case that is unlikely to satisfy the jurisdictional limits into one that appeases the statute.

---

[3] Plaintiff argues the Court should not consider the demand letter because Plaintiff sent it *before* she filed her Complaint. Doc. 6 at 3. To determine timeliness, the Court looks for an amended pleading, motion, or other paper triggering removal under §1446(b)(3). *See Simpson*, 2016 WL 3647336, at *3. In support, Plaintiff cites *Black*, where the court held "if removal is based on an 'other paper' and not the initial pleading, the 'other paper' must be one which the defendant receives after the initial pleading is filed." 2019 WL 470906, at *3. The *Lowery* Court also suggested the "other paper" must be one received after the compliant is filed. *See* 483 F.3d at 1212–13 ("[T]he court consider the document received by the defendant from the plaintiff—be it the initial complaint *or a later received paper*" to determine jurisdiction) (emphasis added). Because the demand letter provides no clarity as to the amount in controversy, as discussed *infra*, the Court need not determine the timeliness issue under this subsection.

The second is a pre-suit November 1, 2021 demand letter from Plaintiff requesting $350,000 and detailing Plaintiff's injury and treatment. Doc. 1-2. Courts in this district understand that settlement demands are negotiating instruments and often do not reflect a case's true value. *Davis v. Ray*, No. 2:19-CV-932-WKW, 2020 WL 1916170, at *2 (M.D. Ala. Apr. 20, 2020) (finding six-figure demand letter "does not tip the preponderance-of-the-evidence scales" in favor of sufficient amount in controversy for federal jurisdiction) (citing *Katz v. J.C. Penney Corp*., No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009)). All offers to compromise are not equal. A court may credit a demand letter that provides details of a plaintiff's legal theory, injuries, and requested relief more than a generic demand riddled with puffery and generalizations, but settlement demands normally are granted little weight in assessing the preponderance of the evidence. *Simpson v. Primerica Life Ins.*, No. 2:15-CV-777-WKW-PWG, 2015 WL 9315658, at *9 (M.D. Ala. Dec. 3, 2015) (citation omitted), *report and recommendation adopted*, 2:15-CV-777-WKW-PWG, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015) (quoting *Perkins v. Merion Realty Servs., LLC*, No. 2:14-CV-1171-WKW, 2015 WL 998198, at *2 (M.D. Ala. Mar. 6, 2015)). In the unusual case where a demand letter receives great weight, the letter thoroughly details the plaintiff's damages so that it is "far from the type of boilerplate and puffery-based settlement demand letters that have been condemned by courts as providing little-to-no detail or information concerning the amount in controversy." *Reeves v. Waffle House, Inc.*, No. 22-CV-356-RAH, 2022 WL 4391498, at *2 (M.D. Ala. Sept. 22, 2022) (demand letter established amount in controversy where plaintiff submitted a three-page letter detailing "particularized information concerning [the defendant's] liability for the

9

assault incident and [the plaintiff's] injuries, medical providers, medical bills, pain and suffering, and rehabilitation therapy" and supplemented the letter on two occasions).

Although the demand letter here provides more detail than the Complaint, it still does not illustrate by a preponderance of the evidence that the jurisdictional amount exceeds $75,000. The letter mentions Plaintiff's broken ankle injury, a surgery, and two lasting impacts—a metal rod and a permanent scar. Doc. 1-2. The letter also references medical records but none are before the Court. Aside from a conclusory statement referencing Plaintiff's painful, "permanent injury of hardware and scarring[,]" the letter gives no particulars about future treatment or medical expenses, making it impossible to ascertain whether Plaintiff will need additional medical treatment that will increase her economic damages. *Id.* This letter is a far cry from the three-page letter in *Reeves* detailing the plaintiff's injuries, medical providers, bills, pain and suffering, and future treatments. *See* 2022 WL 4391498, at 1–2. The letter appears to be precisely the type of boilerplate and puffery-based language most courts condemn. Thus, the Court cannot give it value.

Removal is not proper under § 1446(b)(3), and remand is required.

## IV.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.  Plaintiff's Motion to Remand (Doc. 6) is GRANTED.

2.  This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to effectuate the remand

Done this 17th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE